J-A13042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MICHAEL WILBANKS | : | |
| | : | |
| Appellant | : | No. 1147 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 5, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005108-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MICHAEL WILBANKS | : | |
| | : | |
| Appellant | : | No. 1148 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 26, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001398-2020

BEFORE: OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: May 30, 2024**

In these consolidated cases, John Michael Wilbanks, Appellant, appeals from the aggregate judgment of sentence of 23 to 46 years' incarceration, imposed after he pled guilty to numerous offenses stemming from his sexual abuse of his minor stepdaughter over the course of six years, as well as his possession of numerous images of child pornography. Appellant solely challenges the discretionary aspects of his sentence. We affirm.

The trial court briefly summarized the facts underlying Appellant's two cases, as follows:

The charges in this case arose from on-going sexual abuse and rape of [Appellant's] minor stepdaughter from January 2013 through October 2019. Throughout the course of this abuse, [Appellant] photographed the minor child as well as video recorded episodes of rape and sexual abuse. During the course of their investigation, investigators located 1,193 suspected images of child pornography, separate and unrelated to the ongoing sexual abuse. Of the 1,193 images, 609 legally constituted child pornography. Over 300 of the images depicted either pre-pubescent children, pubescent children, penetration, or attempted penetration of children. Some of the children were engaged in sexual conduct.

Trial Court Opinion and Order (TCOO), 12/15/22, at 1.

Ultimately, on June 28, 2022, Appellant pled guilty, at CP-65-CR-0005108-2019 (hereinafter "case 5108-2019"), to the following charges stemming from his abuse of the minor victim:

Count 1: Rape by Forcible Compulsion, in violation of 18 Pa.C.S.[] § 3121(a)(1); Count 2: Rape by Threat of Forcible Compulsion, in violation of 18 Pa.C.S.[] § 3121(a)(2); Count 3: Rape of a Child, in violation of 18 Pa.C.S.[] § 3121(c); Count 4: Aggravated Indecent Assault, in violation of 18 Pa.C.S.[] § 3125(b); Count 5: Aggravated Indecent Assault, in violation of 18 Pa.C.S.[] § 3125(b); Count 6: Statutory Sexual Assault: 11 years or older, in violation of 18 Pa.C.S.[] § 3122.1(b); Count 7: Aggravated Indecent Assault without Consent, in violation of 18 Pa.C.S.[] § 3125(a)(1); Count 8: Aggravated Indecent Assault, in violation of 18 Pa.C.S.[] § 3125(a)(2); Count 9: Aggravated Indecent Assault, in violation of 18 Pa.C.S.[] § 3125(a)(7); Count 10: Aggravated Indecent Assault, in violation of 18 Pa.C.S.[] § 3125(a)(8); Count 11: False Imprisonment, in violation of 18 Pa.C.S.[] § 2903(a); Count 12: Corruption of Minors, in violation of 18 Pa.C.S.[] § 6301(a)(1)(ii); Count 13: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(7); Count 14: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(7); Count 15: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(7); Count 16: Endangering

Welfare of Children, in violation of 18 Pa.C.S.[] § 4304(a)(1); Count 17: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(7); Count 18: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(2); Count 19: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(3); Count 20: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(1); Count 21: Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(8); Count 22: Unlawful Contact or Communication with Minor, in violation of 18 Pa.C.S.[] § 6318(a)(1).

*Id.* at 2-3 (formatting altered).

Additionally, in CP-65-CR-0001398-2020 (hereinafter, "case 1398-2020"), Appellant pled guilty to the following offenses stemming from his possession of child pornography:

Count 1: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(b)(1); Count 2: Photograph/Film/Depict on Computer Sex Act, in violation of 18 Pa.C.S.[] § 6312(b)(2); Count 3: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(d); Count 4: Design/Copy Obscene Material — Depict Minor, in violation of 18 Pa.C.S.[] § 5903(a)(3)(ii)[;] Count 5: Write/Print Obscene Material — Minor, in violation of 18 Pa.C.S.[] § 5903(a)(5)(ii); Count 6: Hire/Employ/Use Minor to Assist, in violation of 18 Pa.C.S.[] § 5903(a)(6); Count 7: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(b)(1); Count 8: Photograph/Film/Depict on Computer Sex Act, in violation of 18 Pa.C.S.[] § 6312(b)(2); Count 9: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(d); Count 10: Design/Copy Obscene Material — Depict Minor, in violation of 18 Pa.C.S.[] § 5903(a)(5)(ii); Count 11: Write/Print Obscene Material — Minor, in violation of 18 Pa.C.S.[] § 5903(a)(5)(ii); Count 12: Hire/Employ/Use Minor to Assist, in violation of 18 Pa.C.S.[] § 5903(a)(6); Count 13: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(b)(1); Count 14: Photograph/Film/Depict on Computer Sex Act, in violation of 18 Pa.C.S.[] § 6312(b)(2); Count 15: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(d); Count 16: Design/Copy Obscene Material — Depict Minor, in violation of 18 Pa.C.S.[] § 5903(a)(3)(ii); Count 17: Write/Print Obscene Material — Minor, in violation of 18 Pa.C.S.[] § 5903(a)(5)(ii); Count 18: Hire/Employ/Use Minor to Assist, in violation of 18 Pa.C.S.[] § 5903(a)(6); Count 19: Sexual Abuse of

- 3 -

Children, in violation of 18 Pa.C.S.[] § 6312(d); Count 20: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(d); Count 21: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(d); Count 22: Sexual Abuse of Children, in violation of 18 Pa.C.S.[] § 6312(d); Count 23: Criminal Use of a Communication Facility, in violation of 18 Pa.C.S.[] § 7512(a); Count 24: Criminal Use of a Communication Facility, in violation of 18 Pa.C.S.[] § 7512(a); Count 25: Criminal Use of a Communication Facility, in violation of 18 Pa.C.S.[] § 7512(a); Count 26: Criminal Use of a Communication Facility, in violation of 18 Pa.C.S.[] § 7512(a).

*Id.* at 3-4 (formatting altered).

The trial court deferred Appellant's sentencing for the preparation of a pre-sentence investigation (PSI) report, and for a sexually violent predator (SVP) evaluation to be conducted. On September 26, 2022, a sentencing hearing was conducted. There,

[t]he Commonwealth sought an aggregate sentence of at least 25 to 50 years of incarceration due to the "significantly heinous and reprehensible sexual assaults [Appellant] committed against his own minor stepdaughter over a six-year period, in addition to the voluminous trove of child pornography videos and images [Appellant] possessed." Commonwealth's Answer to Def.'s Post-Sent. Mot., Dec. 2, 2022, at 16. The Commonwealth presented impact statements from the victim, her sister, their mother, and Westmoreland County Detective John Mandarin. [Appellant] called the Westmoreland County Prison chaplain and [Appellant's] mother as sentencing mitigation witnesses. [Appellant] also provided a statement.

On the record at the Sentencing Hearing on September[] 26, 2022, th[e trial c]ourt provided a verbal summary of all considerations taken into account in fashioning [Appellant's] sentence in addition to the statutory guidelines, including the following: the [PSI r]eport completed by the Probation Office, [Appellant's] lack of criminal record, [Appellant's] acceptance of responsibility "albeit at not a very early date," [Appellant's] entry of guilty pleas instead of putting the victim through a trial, [Appellant's] need and likelihood of treatment, the severe impact that this has had on the victim in the case, the seriousness of the crimes, the ongoing nature of the crimes, the separate and

distinguishable crimes of sexual offenses against the victim as well as the memorialization of the crimes by picture and video causing additional significant trauma to the victim, and[ the] need to protect the community to deter any future crime. [N.T. Sentencing], [9/26/22], at 43-44.

Th[e trial c]ourt imposed an aggregate sentence of 20 to 40 years in a state correctional institution at case 5108[-]2019 and an aggregate sentence of 5 to 10 years in a state correctional institution at case 1398[-]2020. *Id.* at 44-47. [Appellant] was sentenced to comply with required sex offender conditions of probation and parole[,] as well as statutory sex offender requirements, including consecutive probation under 42 Pa.C.S. § 9718.5 and compliance with Megan's Law registration requirements to register as a Tier III offender. *Id.* [Appellant] waived his right to a simultaneous [SVP] Hearing at sentencing. *Id.* at 3.

*Id.* at 4-5.

On October 5, 2022, the court entered an order amending Appellant's sentence in case 5108-2019, solely "to reflect that [Appellant] is also to comply with the Pennsylvania's Parole Board's Standard Special Conditions for Sex Offenders and Optional Special Conditions for Sex Offenders." Order, 10/5/22, at 1 (single page). On October 6, 2022, Appellant filed a timely, post-sentence motion in each case, which the court denied by order and opinion filed on December 15, 2022. On September 7, 2023, the court held an SVP hearing, and at the close thereof, Appellant was determined to be an SVP. On September 25, 2023, Appellant filed two, separate notices of appeal.[1] Both notices state that Appellant is appealing from "the Order of Court denying

_____

[1] We *sua sponte* consolidated Appellant's cases on January 31, 2024.

his Post-Sentence Motion entered in this matter on the 15th of December, 2022 and from the Order of Court Classifying Defendant as a Sexually Violent Predator entered in this matter on September 7, 2023." Notices of Appeal, 9/25/23, at 1 (unnumbered). We have amended our dockets to reflect that the appeal in case 1398-2020 (1148 WDA 2023) properly lies from Appellant's September 26, 2022 judgment of sentence,[2] while the appeal in case 5108-2019 (1147 WDA 2023) properly lies from Appellant's October 5, 2022 amended judgment of sentence.[3] Both appeals are timely, as Appellant's judgments of sentence became final when his SVP determination was rendered. *See Commonwealth v. Schrader*, 141 A.3d 558, 561 (Pa. Super. 2016) (holding that, when a defendant waives the pre-sentence SVP determination, his judgment of sentence is not final until the SVP determination is rendered).

Appellant thereafter complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, the trial court submitted a statement in lieu of a Rule 1925(a) opinion, indicating that it is relying on the rationale set forth in its December 15, 2022 order and opinion denying Appellant's post-sentence motion.

---

[2] *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.") (citation omitted).

[3] *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (explaining that in cases where the trial court amends the judgment of sentence during the period it maintains jurisdiction pursuant to 42 Pa.C.S. § 5505, the direct appeal lies from the amended judgment of sentence).

Herein, Appellant states one issue for our review: "Did the [c]ourt err in sentencing [Appellant] to multiple consecutive sentences?" Appellant's Brief at 4.

Appellant's issues implicate the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Initially, we note that the Commonwealth argues that Appellant has waived his sentencing claim for our review because he raised it in an "impermissibly vague" fashion in his post-sentence motion, which does not match the more specific claim he asserts on appeal. *See* Commonwealth's Brief at 4. More specifically, in Appellant's post-sentence motion, he raised the following, single issue: "The [c]ourt abused its discretion in sentencing [Appellant] to consecutive sentences." Post-Sentence Motion, 10/6/22, at 1 (single page). This is essentially the same claim he asserts in his Statement of the Questions Presented section of his appellate brief. However, in his Rule 2119(f) Statement, and the Argument section of his brief, Appellant presents a different claim, arguing that he "was subjected to an unduly harsh sentence that did not take into account any mitigating evidence or rehabilitative measures." Appellant's Brief at 13. The Commonwealth concludes that Appellant waived his more specific argument by not stating it in his post-sentence motion.

We disagree. In conjunction with Appellant's post-sentence motion, he filed a brief in support, in which he contended that:

> [T]he [c]ourt abused its discretion in sentencing [Appellant] to multiple consecutive sentences, and in doing so, sentenced [Appellant] to a disproportionately high sentence relative to his criminal conduct. [Appellant] claimed that th[e c]ourt violated "fundamental sentencing norms" and that th[e c]ourt "ignored any mitigating evidence on behalf of [Appellant] or any rehabilitative efforts he made while incarcerated." [Appellant] requested th[e c]ourt to vacate the sentence or "revisit this matter for resentencing to issue a sentence in conformity with the prevailing sentencing norms."

TCOO at 5-6 (internal citations omitted). Thus, in the court's opinion denying his post-sentence motion, the court fully addressed the arguments that Appellant now raises herein. *See id.* at 7-9. Consequently, although we admonish Appellant for his lack of specificity in his post-sentence motion and Statements of the Questions Presented, we deem his argument adequately preserved for our review.

We also consider Appellant's claim as constituting a substantial question for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding "that [Swope's] challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence," presents a substantial question). Accordingly, we will assess the merits of Appellant's sentencing challenge, mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Instantly, Appellant avers that the court's imposition of multiple, consecutive sentences was "disproportionate to his criminal conduct." Appellant's Brief at 17. He complains that the court "ignored any mitigating

evidence … or any rehabilitative efforts [Appellant] made while incarceration."

*Id.* In particular, Appellant claims that

> the [c]ourt did not address testimony from prison Chaplain Nick Borgfeldt[,] who described [Appellant] as somebody who genuinely appeared to be embracing faith, was facing and accepting responsibility for his sins, and, as such, appeared to be a different person than the one who committed these offenses. The [c]ourt also did not address [Appellant's] statements that echoed the testimony of Chaplain Borgfeldt. Specifically, he fully accepted responsibility, expressed remorse, and outlined the actions that he had been taking to no longer be the person that he was in the past. Ultimately, the [court] only addressed his acceptance of responsibility by taking a plea as a mitigating factor. It respectfully is submitted that failure to consider any additional mitigation measures resulted in an unduly harsh sentence and thus constitutes an abuse of discretion.

*Id.* at 17-18 (citations to the record omitted).

In rejecting Appellant's challenge to its imposition of consecutive sentences, the trial court reasoned that,

> [l]ong[-]standing precedent of the Superior Court recognizes that the statute generally governing sentencing, 42 § Pa.C.S.[] 9721, "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (citing *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005); *Commonwealth v. Graham*, 661 A.2d 1367, 1372 (Pa. 1995)).
>
> [Appellant] claims the imposition of multiple consecutive sentences violates fundamental sentencing norms and is disproportionate to his … crimes. Other than generally stating that this [c]ourt should have imposed sentences concurrently rather than consecutively because it was disproportionate to the conduct at issue, [Appellant] does not provide [a] rationale with specific reference to the Sentencing Code or reference to the record of how the sentence "violated fundamental sentencing norms." As stated on the record, this [c]ourt considered the charges in both

- 10 -

cases as separate and distinguishable crimes and stated the reasons for doing so on the record. This [c]ourt was within its discretion to fashion the sentence consecutively. Therefore, this argument lacks merit.

TCOO at 7-8.

We discern no abuse of discretion by the court. Appellant committed numerous and separate acts of abuse against his minor stepdaughter over the course of six years. Not only did he physically assault her, but he also "memorializ[ed] by picture and video" his abuse of the victim, which the court found caused "additional[,] significant trauma" to her. N.T. Sentencing at 43-44. Moreover, Appellant possessed hundreds of images of child pornography, and he has not demonstrated that the court abused its sentencing discretion in considering each of Appellant's criminal acts in case 1398-2020 "as separate and distinguishable crimes…." *Id.* at 46. Ultimately, we see no reason that Appellant "should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." *Zirkle*, 107 A.3d at 133 (citation omitted).

We additionally find no merit to Appellant's contention that the court failed to take into account the mitigating evidence and his rehabilitative efforts. First, as the trial court noted:

> The Pennsylvania Supreme [c]ourt emphasized that "whe[re] pre-sentence reports exist, [it] will continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). "Having been fully informed by the pre-sentence report, the sentencing [c]ourt's discretion should not be disturbed." *Id.* "This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing

- 11 -

considerations, and there we will presume also that the weighing process took place in a meaningful fashion." *Id.*

TCOO at 8. Here, the court had the benefit of a PSI and the record demonstrates that it was aware of the pertinent sentencing consideration.

Moreover, in rejecting Appellant's claim that it "'ignored' any mitigating evidence on behalf of [Appellant] or any rehabilitative effort he made while incarcerated[,]" *id.*, the court explained that,

> all the mitigating evidence on behalf of [Appellant] and rehabilitative efforts he made while incarcerated were considered, in addition to many others in [Appellant's] favor as discussed on the record at the time of sentencing. This [c]ourt considered all of the following mitigating evidence: information provided in the [PSI report], [Appellant's] lack of criminal record, [Appellant's] need [for] and likelihood of treatment, [Appellant's] statement that included accepting responsibility and remorse for his actions, [Appellant's] pleading guilty rather than putting the victim and others through a trial, the WCP Chaplain's statement, as well as [Appellant's] mother's statement. While this [c]ourt acknowledges that [Appellant] has made some positive changes while incarcerated, all of which were considered, these do not erase the rest of the other factors this [c]ourt must take into consideration when fashioning [Appellant's] sentence for all 46 abhorrent criminal charges. While [Appellant] would have liked this [c]ourt to put more weight on these mitigating factors, this [c]ourt merely decided that the facts did not warrant imposition of a sentence lower than the standard range when weighing all of the factors of the cases at hand. Therefore, this argument lacks merit.

*Id.* at 8-9.

Our review of the record confirms that the trial court adequately considered Appellant's PSI report, the mitigating evidence offered at the hearing, and his rehabilitative efforts since committing his crimes. Therefore, the court did not abuse its ample sentencing discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2024